UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RICHARD K. CORBIN,                )
                                  )
          Petitioner,             )
                                  )
v.                                )    No. 1:10-cv-886-TWP-TAB
                                  )
STATE OF INDIANA,                 )
                                  )
          Respondent.             )

**Entry Discussing Motion to Reconsider**

Richard Corbin is a prisoner of the State of Indiana serving the executed portion of a sentence imposed in Delaware County in 1998 following his conviction of burglary. His conviction was affirmed on direct appeal in *Corbin v. State,* 713 N.E.2d 906 (Ind.Ct.App. 1999). The trial court's subsequent denial of Corbin's petition for post-conviction relief was affirmed on appeal in *Corbin v. State,* No. 18A04-0406-PC-313 (Ind.Ct.App. Sept. 24, 2004).

Once Corbin's post-conviction action had been concluded in the state courts, he commenced a series of federal habeas corpus filings, of which this case is the third.

> !   In the first habeas action, Corbin's claim was that the trial court violated his right of self-representation. This claim was presented to the Indiana state courts for the first time in Corbin's post-conviction action. The Indiana Court of Appeals found that Corbin had "waived" his claim because he did not raise the claim on direct appeal even though it was available. *Corbin v. State*, No. 18A04-0406-PC-313, at p.5. Corbin failed to prevail in the first federal habeas action, however, because of his procedural default and his failure to show the presence of circumstances permitting him to overcome the consequences of that default. *Corbin v. Hanks,* No. 1:05-cv-120-DFH-VSS (S.D.Ind. June 10, 2005)(*Corbin I*). The court further found, apart from the question of unexcused procedural default, that Corbin's habeas claims would not overcome the deferential standard applicable under the Antiterrorism and Effective Death Penalty Act of 1996. Specifically, the court in *Corbin I* reviewed the conclusion of the Indiana state courts that Corbin had not clearly and unequivocally asserted his right to represent himself and found that the Indiana Court of Appeals' discussion of the pertinent evidentiary material showed that the state court's determination was reasonable. Both this court and the Court of Appeals declined to issue a certificate of appealability.

> !   Corbin's second federal habeas action arrived earlier this year and was summarily dismissed because it was an unauthorized second or successive

> habeas petition. *Corbin v. Finnan,* No. 1:10-cv-309-WTL-TAB (S.D.Ind. March 18, 2010).

> ! The present case represented Corbin's third bite a the federal habeas apple. Again, because Corbin had failed to secure permission from the Court of Appeals to file a second or successive petition, the action was summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* Judgment was entered on the clerk's docket on July 15, 2010.

The explanation for the summary disposition of the second and third habeas actions is this:

> ! When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b).

> ! This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute is an allocation of subject-matter jurisdiction to the court of appeals. *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999). The Supreme Court has explained that a district court is without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court." *See Burton v. Stewart,* 549 U.S. 147, 153 (2007); *see also United States v. Lloyd,* 398 F.3d 978, 979 (7th Cir. 2005).

In *Gonzalez v. Crosby,* the Supreme Court addressed when a federal court should construe a petitioner's motion for relief from judgment pursuant to Rule 60(b) as a second or successive petition. 545 U.S. 524, 526 (2005). Noting that "[a]s a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," the Court began its analysis by stating that "it is clear that for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted).

After noting that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts," the Court provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531-32 (internal citations omitted). Specifically, the Court stated that "[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks the federal court's previous resolution of a claim on the merits, . . . since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* The Court noted, however, that "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a second or successive petition. *See id.*

The habeas petition in this action was presented as a Rule 60(b) motion for relief from judgment but was treated as a new habeas action in accord with *Gonzalez.* The "judgment" from which Corbin's motion sought relief was singularly and without doubt the criminal judgment of the trial court which resulted in his conviction. It is an enigma for a litigant to suffer an adverse judgment in one jurisdiction (a state court) and file a motion for relief from judgment or other post-judgment motion in a different jurisdiction (a federal court). Corbin's intent in forcing this enigma in this case, however, was clear: he sought an order vacating the conviction in the state court trial and requiring a new trial. Because habeas corpus provides the exclusive remedy for a state prisoner who wishes to challenge the fact or duration of confinement, see, e.g., *Muhammad v. Close,* 540 U.S. 749, 750-52 (2004), the motion for relief from judgment was properly processed as a new action of that nature.

Once the processing was complete, the preliminary review required by Rule 4 was conducted, and it is at that point that the earlier habeas filings, most notably *Corbin I,* came into focus. The action was, accordingly, dismissed for lack of jurisdiction as already described.

The foregoing thus sets the stage for resolution of Corbin's motion to reconsider, filed with the clerk on July 30, 2010. The motion asserts that the court committed legal error in characterizing the motion for relief from judgment which resulted in the opening of this action as an action for habeas corpus relief, as a second or successive petition for writ of habeas corpus. The motion was filed within 28 days from the entry of judgment on the clerk's docket. Given the timing of the plaintiff's motion to reconsider relative to the entry of final judgment, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

The *Gonzalez* framework described above has been reasonably applied to Rule 59(e) motions by the Fourth, Eighth, and Tenth Circuits.[1] It will likewise be applied here, but

---

[1] *Ward v. Norris*, 577 F.3d 925, 935 (8th Cir. 2009) ("[W]e conclude that Ward's Rule 60(b) and Rule 59 motions were improper because they were not based on a procedural defect, but rather attacked previous habeas counsel's omissions and asked for a second opportunity to have the merits determined favorably.")(citing *Gonzales*, 545 U.S. at 532 n.2); *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) (subjecting Rule 59(e) motions to the same limitations concerning second or successive motions as those arising under Rule 60(b)); *United States v. Martin*, 132 F. App'x 450, 451 (4th Cir. 2005) (per curiam) (unpublished) ("We have reviewed the record and determine [sic] that [the defendant's] self-styled motion under Rule 59(e) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255 (2000)."); *see generally Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007) (describing *Pedraza* as "holding post-judgment effort to raise new claim by motion under Rule 59(e) is likewise equivalent of second or successive petition under § 2244(b));

does not offer Corbin the relief he seeks. This is wholly in accord with one of the purposes of the AEDPA, to ensure that petitioners would not "circumvent[ ] AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez,* 545 U.S. at 531 (citing 28 U.S.C. § 2244(b)(2)).

Corbin uses the language of *Gonzalez.* He states in his motion to reconsider: "Corbin suggested, a 'defect in the federal habeas proceedings' warranting drastic relief under Rule 60(b)." (quoting *Gonzalez.*) The defect he proceeds to identify, however, is not connected with *Corbin I* at all, but is instead solely connected with the validity of his conviction in the state court. When Corbin refers to "the integrity" of the prior proceeding, he is referring to the criminal prosecution itself. As that phrase is used in *Gozalez,* however, it refers to the prior collateral challenge, *not* to the underlying criminal proceeding.

Corbin asserted a claim in this action which, if granted, would have resulted in his conviction being set aside. This is evident not only from a logical reading of his allegations, but is explicit in his prayer for relief: "Wherefore, petitioner Richard K. Corbin request[s] that this motion for relief from judgment or order . . . be Granted, and [the] conviction resulting from trial . . . be vacated, set aside, and order [sic] a new trial of this cause." There is nothing in this claim or the request for relief which challenges the integrity of *Corbin I.* Corbin's only argument confuses the conviction in the state courts with the means by which that conviction can (and cannot) be challenged in federal court.[2]

This case was appropriately treated as a petition for writ of habeas corpus, was appropriately treated as a second or successive such petition, and was appropriately summarily dismissed pursuant to 28 U.S.C. § 2244(b)(2). Corbin's motion to reconsider (dkt 5), treated as a motion to alter or amend judgment, does not identify legal error in this disposition and is therefore **denied.**

**IT IS SO ORDERED.**

Date: 08/05/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2]Corbin also asserts in his motion to reconsider that the court has jurisdiction pursuant to Rule 60(b) to entertain an independent action to grant relief to a party from a judgment rendered by another court. Whatever truth there might be in this assertion does not displace or enlarge the exclusive remedy afforded via 28 U.S.C. § 2254(a) whereby the conviction in a state court may be challenged.

Distribution:

Richard K. Corbin
DOC #975153
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001